IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1999 SESSION

FILED

May 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk



| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9805-CR-00157 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH B. DAILEY, |
| BILLY B. BROWN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (First Degree Murder; Attempted |
| | ) | Murder) |


**FOR THE APPELLANT:**

**A. C. WHARTON, JR.**
Shelby County Public Defender

**BETTY J. THOMAS**
Assistant Public Defender
201 Poplar Avenue, 2nd Floor
Memphis, TN  38103-1947

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**DAVID C. HENRY**
**TIM BEACHAM**
Assistant District Attorneys
   General
201 Poplar Avenue, 3rd Floor
Memphis, TN  38103-1947


**OPINION FILED: _____**


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Defendant, Billy B. Brown, was convicted by a Shelby County jury of premeditated first degree murder and two counts of attempted first degree murder. He received concurrent sentences of life with the possibility of parole for first degree murder and twenty years for each of the attempted murders. The issue in this appeal is whether the evidence is sufficient to support the conviction for premeditated first degree murder, and whether the trial court erred in charging the jury on the doctrine of "transferred intent." The judgment of the trial court is **AFFIRMED**.

**FACTS**

The state's proof revealed that the defendant was married to Nicole Burrow; however, they were estranged. Burrow was dating Jerry Jerome Parker (hereinafter "Parker") which angered the defendant. Shortly prior to the incident in question, the defendant told Burrow "if he catch me with [Parker], you know, he was going to hurt me."

On the early morning of March 26, 1996, Burrow called defendant's employer to make certain that the defendant was at work. Upon ascertaining that he was, Burrow, Parker, Thomas Parker (Parker's sixty-three-year-old father), and Thomas Parker's friend drove to defendant's apartment to secure Burrow's belongings. Unknown to Burrow, defendant left his employment shortly after Burrow's phone call. Upon arriving in the parking lot, they observed the defendant firing at them with a pistol from the second floor balcony. A neighbor heard the defendant state, "Nicole, my wife, I've got you dead to right."

Parker exited the vehicle and fled across the street while the defendant fired at him. Burrow attempted to flee the parking lot in the car. Defendant continued to fire, and one of the bullets entered the rear window and struck the elder Thomas Parker in the head. Thomas Parker died as a result of the gunshot wound.

Other state witnesses observed the defendant firing from the second floor balcony. No witness testified that they observed anybody in the Burrow vehicle with any kind of weapon.

The cross-examination of the state witnesses implied that Parker fired first at the defendant with a sawed-off shotgun. An acquaintance of the defendant, serving a sentence for aggravated burglary at the time of his testimony, related that he arrived at the scene shortly after the shooting. He further stated that Nicole Burrow asked him to take the sawed-off shotgun, which was visible under a car. He testified he did so and subsequently threw it in a ditch. He further testified that Burrow told him two days later that Parker had "shot that gun at Billy."

It was the state's theory that the defendant was attempting to kill Burrow, but the bullet struck Thomas Parker. The trial court charged the jury under the doctrine of "transferred intent," and the jury convicted the defendant of the premeditated first degree murder of Thomas Parker.

## TRANSFERRED INTENT

Defendant contends the trial court erred in charging the doctrine of "transferred intent." Accordingly, the defendant argues that the evidence is insufficient to establish that the defendant intentionally and premeditatedly took the life of Thomas Parker.

This case is controlled by the recent holding of the Tennessee Supreme Court in Millen v. State, ___ S.W.2d ___ (Tenn. 1999), which was filed after the trial of this case. In Millen the defendant was indicted for both premeditated murder and felony murder. The jury was charged under the doctrine of "transferred intent," and the jury convicted the defendant of premeditated first degree murder. The court concluded that it was unnecessary to resort to the doctrine of "transferred intent" under the first degree murder statute, and such an instruction should not be given. Id. at ___. The court noted that the most appropriate charge involving an "unintended victim" is felony murder. Id. However, the court also concluded that

3

if the evidence indicates that the defendant, with premeditation, intended to kill a particular person, then the killing of another, even if not the intended victim, is premeditated first degree murder. *Id.* at ___. Although the court found error in charging "transferred intent," the court affirmed the premeditated first degree murder conviction. *Id.* at ____.

Millen requires the same result in the case at bar. The state was required to prove beyond a reasonable doubt that the defendant intentionally and with premeditation killed Thomas Parker. Tenn. Code Ann. § 39-13-202(a)(1)(Supp. 1995).[1] Premeditation may be inferred from the manner and circumstances of the killing. State v. Bland, 958 S.W.2d 651, 660 (Tenn. 1997). The use of a deadly weapon upon an unarmed victim and prior declarations by the defendant of the intent to kill may be indicative of premeditation. State v. Brown, 836 S.W.2d 530, 541 (Tenn. 1992). After viewing the evidence in a light most favorable to the prosecution, there was more than sufficient evidence for the jury to have found that the defendant intentionally and with premeditation attempted to kill Nicole Burrow, but instead killed Thomas Parker. Although the trial court erred in charging the doctrine of "transferred intent," the error was harmless. Thus, the evidence is sufficient to support the conviction of premeditated first degree murder of Thomas Parker. Tenn R. App. P. 13(e).

## CONCLUSION

We, therefore, conclude that the judgment of the trial court should be **AFFIRMED**.

---

[1]Millen was decided under the statute that also required proof of deliberation. Tenn. Code Ann. § 39-13-202(a)(1)(1991). The statute was amended effective July 1, 1995, and deleted the requirement of deliberation.

_____
**JOE G. RILEY, JUDGE**



**CONCUR:**


_____
**JOHN H. PEAY, JUDGE**


_____
**THOMAS T. WOODALL, JUDGE**